UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE E. WILLIAMS,<br><br>  Plaintiff<br><br>v.<br><br>NNCC, et al.,<br><br>  Defendants | Case No.: 3:21-cv-00287-MMD-CSD<br><br>**Order**<br><br>Re: ECF Nos. 93, 97 |

Defendants have filed a motion for leave to file sur-reply to Plaintiff's motion to receive settlement payments. (ECF No. 97.)

The parties participated in a settlement conference on February 1, 2023. A settlement was reached at the conference, and the terms were placed on the record. Counsel for Defendants was required to submit the dismissal with prejudice by March 3, 2023. The minutes state that the court would retain jurisdiction to resolve any dispute as to the terms of the settlement prior to dismissal; however, the court would not retain jurisdiction following dismissal. (ECF No. 88.)

A stipulation to dismiss was filed, and Chief District Judge Du dismissed this action with prejudice on March 3, 2023. (ECF Nos. 91, 92.)

On March 6, 2023, Plaintiff filed a motion to receive settlement payment and dismissal of the case under the terms of a February 1, 2023 settlement. (ECF No. 93.) According to Plaintiff, the parties agreed to settle this case with a staggered payment of $5,000 whereby a $500 payment was to be made within 30 days, and a $4,500 payment was to be paid within 60 days. At the time he filed his motion, Plaintiff had not received any payment.

Defendants filed a response. (ECF Nos. 94, 94-1, 94-2.) They assert that on March 7, 2023, Plaintiff received a check for $4,500. (ECF No. 94-2.) With respect to the $500 payment, Defendants represent that due to the rapid depletion of NDOC's tort fund, it has been unable to timely issue settlement checks; however, counsel was informed the check should issue within one to two weeks. Defendants further argued that the court lacks jurisdiction over this motion because the case was dismissed with prejudice.

On April 3, 2023, Defendants filed this motion for leave to file a sur-reply, which provides evidence that the $500 check was processed into Plaintiff's Trust 2 account on March 31, 2023, and argues that Plaintiff's motion is therefore moot. (ECF Nos. 97, 97-1, 97-2.)

Instead of a sur-reply, Defendants' motion can be characterized as seeking leave to supplement their response, and construing the motion as such, the motion (ECF No. 97) is **GRANTED** and the Clerk shall **FILE** the supplemental response set forth at ECF Nos. 97-1 to 97-2. As Plaintiff appears to have received all funds due under the settlement with Defendants, his motion to receive settlement payment (ECF No. 93) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: April 4, 2023

_____
Craig S. Denney
United States Magistrate Judge